No objections to this Report and Recommendation (the "R&R") have been received, and accordingly I review it for clear error. Finding no error, clear or otherwise, I adopt the R&R as the decision of the Court. The Petition is denied. No certificate of appealability will issue, as reasonable jurists would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk shall close the case.

SO ORDERED.

*Cathy Seibel*

CATHY SEIBEL, U.S.D.J.

Copies mailed 8/25/22
Chambers of Judge Davison

UNITED STATES DISTRICT CO[URT]
SOUTHERN DISTRICT OF NEW [YORK]

Earl O. Melvin,

                Petitioner,     9/20/22

    - *against* -

Superintendent William A. Lee,

                Respondent.

19 Civ. 8515 (CS)(PED)

**REPORT AND
RECOMMENDATION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/22

**TO THE HONORABLE CATHY SEIBEL,
UNITED STATES DISTRICT JUDGE**

## I.  INTRODUCTION

Earl O. Melvin ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence upon a plea agreement in New York Supreme Court, Orange County.  [Dkt. 1.]  On November 7, 2016, Petitioner entered into a guilty plea for one count of operating as a major drug trafficker in violation of N.Y. Penal L. § 220.77.  He was sentenced to a determinate term of imprisonment of thirteen years with a five-year period of post-release supervision.  Petitioner is currently serving his sentence at the Eastern Correctional Facility in Ulster County, New York.  The Petition comes before me pursuant to an Order of Reference entered on October 24, 2019.  [Dkt. 5.]  For the reasons set forth below, I respectfully recommend that Your Honor **DENY** the Petition.

## II.  BACKGROUND

**A.**    **Factual History**[1]

_____

[1] The information in this section is taken from the Petition [Dkt. 1], Respondent's Answer with attached exhibits [Dkts. 10, 11], and Petitioner's reply [Dkt. 12.].

1.    **The Crime**

Petitioner was the leader of an organization that was engaged in narcotics trafficking.  He also engaged in multiple sales of controlled substances.  Petitioner and his co-defendants were investigated by law enforcement over the course of a ten-month period before they were finally arrested.  Petitioner was arrested on June 7, 2016.

2.    **Petitioner's Plea and Sentence**

On November 7, 2016, Petitioner accepted the prosecution's offer to plead guilty to one of the charges on the indictment in exchange for a determinate term with a base of ten years and a maximum of thirteen years in state prison.  [Dkt. 11-4 at 2-3.]  The court conducted a plea colloquy to establish that Petitioner understood the rights he was giving up in pleading guilty.  [*Id.* at 3-8.]  The court also discussed the "promises" that Petitioner would have to keep as part of the plea agreement, including that he was waiving his right to appeal.  [*Id.* at 8-12.]  The court further ensured that Petitioner understood the nature of the crime for which he was pleading guilty.  [*Id.* at 13-20.]  On December 15, 2016, the court sentenced Petitioner to thirteen years in prison with five years of post-release supervision.  [Dkt. 11-5 at 18.]  The court also ordered restitution in the amount of $12,860.  [*Id.*]

B.    **Procedural History**

1.    **The Direct Appeal**

On December 4, 2017, Petitioner, through counsel, filed a brief to the Appellate Division, Second Department appealing his plea.  [Dkt. 11-2 at 15.]  Petitioner raised two arguments on appeal: (1) Petitioner's guilty plea was not voluntary, knowing and intelligent, because Petitioner was not apprised of some of the Constitutional rights he was forfeiting; and (2) Petitioner's

waiver of his right to appeal the case was invalid, and therefore the Appellate Division should review Petitioner's argument that his sentence was excessive. [*Id.* at 7-14.] The state submitted its opposition on January 27, 2018. [*Id.* at 45.]

On October 31, 2018, the Appellate Division affirmed the judgment against Petitioner. *People v. Melvin*, 84 N.Y.S.3d 813 (App. Div. 2018). The Appellate Division held that Petitioner failed to preserve his argument that his guilty plea was not knowingly, intelligently, and voluntarily, because Petitioner "did not move to withdraw his plea or otherwise raise this issue before the County Court." *Id.* (internal citations omitted). The Appellate Division further held that Petitioner's waiver of his right to appeal was knowing, voluntary, and intelligent, and thus the Appellate Division could not review his claim that his sentence was excessive. *Id.* at 814.

On November 11, 2018, Petitioner requested leave to appeal the Appellate Division's decision to the Court of Appeals. [Dkt. 11-2 at 53-54.] The state submitted a letter in opposition on December 3, 2018. [*Id.* at 51.] On January 10, 2019, the Court of Appeals summarily denied Petitioner leave to appeal the Appellate Division's decision. *People v. Melvin*, 121 N.E.3d (Table) (N.Y. 2019).

## 2.   The Instant Petition

Petitioner executed the instant Petition and delivered it to prison officials for mailing on August 27, 2019.[2] [Dkt. 1 at 16.] The Respondent filed a response in opposition to the Petition on February 4, 2020. [Dkt. 11.] On February 24, 2020, Petitioner filed a traverse in reply to

---

[2] The date on which Petitioner placed the instant Petition in the prison mailing system. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (extending the "mailbox rule," *Houston v. Lack*, 487 U.S. 266 (1988), to *pro se* petitions for habeas relief).

Respondent's answer.  [Dkt. 12.]

### III.  APPLICABLE LAW

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621

(1998) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)).  Before a federal district court may

review the merits of a state criminal judgment in a habeas corpus action, the court must first

determine whether the petitioner has complied with the procedural requirements set forth in 28

U.S.C. §§ 2244 and 2254.  If there has been procedural compliance with these statutes, the court

must then determine the appropriate standard of review applicable to the petitioner's claim(s) in

accordance with § 2254 (d).  The procedural and substantive standards applicable to habeas

review, which were substantially modified by the Anti-Terrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), are summarized below.

### A.    Exhaustion Requirement

A federal court may not grant habeas relief unless the petitioner has first exhausted his

claims in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. §

2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the

applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an

absence of available corrective process; or (ii) circumstances exist that render such process

ineffective to protect the rights of the applicant"); *id.* § 2254(c) (the petitioner "shall not be

deemed to have exhausted the remedies available in the courts of the State . . . if he has the right

under the law of the State to raise, by any available procedure, the question presented").  The

exhaustion requirement promotes interests in comity and federalism by demanding that state

4

courts have the first opportunity to decide a petitioner's claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

To exhaust a federal claim, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim," and thus "giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). "Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims." *Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir. 1984) (citing *Smith v. Phillips*, 455 U.S. 209, 221 (1982)). Such notice requires that the petitioner "apprise the highest state court of both the factual and legal premises of the federal claims ultimately asserted in the habeas petition." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (internal citation omitted). A claim may be "fairly presented" to the state courts therefore, even if the petitioner has not cited "chapter and verse of the Constitution," in one of several ways:

> (a) [R]eliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982). A habeas petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

However, "[f]or exhaustion purposes, a federal habeas court need not require that a

5

federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (internal quotation omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). Such a procedurally barred claim may be deemed exhausted by a federal habeas court. *See, e.g., Reyes*, 118 F.3d at 139. However, absent a showing of either "cause for the procedural default and prejudice attributable thereto," *Harris v. Reed*, 489 U.S. 255, 262 (1989), or "actual innocence," *Schlup v. Delo*, 513 U.S. 298 (1995), the petitioner's claim will remain unreviewable by a federal court.

Finally, notwithstanding the procedure described above, a federal court may yet exercise its discretion to review and deny a mixed petition containing both exhausted and unexhausted claims, if those unexhausted claims are "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Padilla v. Keane*, 331 F. Supp.2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims).

**B.   Procedural Default**

Even where an exhausted and timely habeas claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon "an adequate and independent finding of a procedural default" to deny it. *Harris*, 489 U.S. at 262; *see also Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). A state court decision will be "independent" when it "'fairly appears'" to rest

primarily on state law. *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citing *Colman*, 501 U.S. at 740). A decision will be "adequate" if it is "'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

The Supreme Court has held that a federal court may review a claim that is procedurally barred if the petitioner can show a "miscarriage of justice," which occurs where a petitioner is "actually innocent of the crime for which he has been convicted." *Cotto v. Herbert*, 331 F.3d 217, 239 n.10 (2d Cir. 2002); *see Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

C.     **AEDPA Standard of Review**

Before a federal court can determine whether a petitioner is entitled to federal habeas relief, the court must determine the proper standard of review under AEDPA for each of the petitioner's claims. 28 U.S.C. § 2254(d)(1)-(2). This statute "modifie[d] the role of federal habeas corpus courts in reviewing petitions filed by state prisoners," and imposed a more exacting standard of review. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). For petitions filed after AEDPA became effective, federal courts must apply the following standard to cases in which the state court adjudicated on the merits of the claim:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)-(2).  The deferential AEDPA standard of review will be triggered when the state court

has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment.

*Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001).

Under the first prong, a state court decision is contrary to federal law only if it "arrives at

a conclusion opposite to that reached by the [the Supreme Court] on a question of law or if [it]

decides a case differently than [the Supreme Court] on a set of materially indistinguishable

facts."  *Williams*, 529 U.S. at 413.  A decision involves an "unreasonable application" of

Supreme Court precedent if the state court "identifies the correct governing legal rule from the

Supreme Court cases but unreasonably applies it to the facts of the particular state prisoner's

case," or if it "either unreasonably extends a legal principle from [Supreme Court] precedent to a

new context where it should not apply or unreasonably refuses to extend that principle to a new

context where it should apply."  *Id.* at 407.

Under the second prong of AEDPA, the factual findings of state courts are presumed to

be correct.  28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).  The

petitioner must rebut this presumption by "clear and convincing evidence."  § 2254(e)(1).

## IV.  ANALYSIS

Petitioner raises two grounds for *habeas* relief in his timely filed Petition.  First, he argues

that his guilty plea was not knowingly, voluntarily, and intentionally entered into.  Second,

Petitioner argues that he did not validly waive his right to appeal his case.

### A.    Petitioner's First Ground is Procedurally Barred

Petitioner first argues that he did not knowingly, voluntarily, or intentionally plead guilty

when he plead guilty to operating as a major drug trafficker.  This ground was properly exhausted

8

by Petitioner as he raised it when he appealed his conviction to the Appellate Division and when

he appealed the Appellate Division's decision to the Court of Appeals.  In deciding Petitioner's

argument, the Appellate Division stated:

> [T]he defendant failed to preserve this contention for appellate review since he
> did not move to withdraw his plea or otherwise raise this issue before the County
> Court. In any event, the defendant's plea of guilty was knowing, intelligent, and
> voluntary. Contrary to the defendant's contention, the record of the plea
> proceeding reveals that the court adequately advised him of the constitutional
> rights forfeited by his plea of guilty. Moreover, the defendant acknowledged that
> he had a full and fair opportunity to discuss with his attorney the plea, the rights
> he was waiving, and any legal defenses he might have to the charges, and that he
> was satisfied with his attorney's representation.

*Melvin*, 84 N.Y.S.3d at 814 (internal citations omitted). Based on the Appellate Division's

holding, Respondent argues that Petitioner's claim is procedurally barred, because the Appellate

Division's "reliance on the state procedural default is clearly and expressly stated."  [Dkt. 11 at

14.]  Indeed, Respondent is correct.

     In general, a federal court "will not review questions of federal law presented in a *habeas*

petition when the state court's decision rests upon a state-law ground that is independent of the

federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d

Cir. 2011) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)).  Here, the Appellate Division's

express reliance on Petitioner's failure to preserve his claim constitutes an adequate and

independent state ground for its denial. *See Harris*, 489 U.S. at 265 n.12.  Petitioner could still

prevail if he were able to demonstrate that the state rule on which the Appellate Division relied

was not "firmly established and regularly followed." *See Cotto*, 331 F.3d at 239-41.  However,

"[t]hat a defendant's challenge to his guilty plea is unpreserved unless he first moves to withdraw

his plea or vacate the judgment" is a rule that is firmly established and regularly followed. *Fuller*

*v. Schultz*, 572 F.Supp.2d 425, 438 (S.D.N.Y. 2008) (collecting cases).

Further, although the Appellate Division went on to deny Petitioner's claim on the merits, its primary reliance on this state procedural law constitutes an independent and adequate ground for its decision. *See Fama v. Comm'r Corr. Servs.*, 235 F.3d 804, 810 n.4 (2d Cir. 2000) (noting that "where a state court says that a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved."). Because the Appellate Division here held that Petitioner's claim was "unpreserved" and relied upon New York procedural law, Petitioner's claim is procedurally barred from *habeas* review.

Petitioner could overcome this procedural bar if he could show a "miscarriage of justice," and demonstrate that he is "actually innocent of the crime for which he has been convicted." *Cotto*, 331 F.3d at 239 n.10. Petitioner, however, fails to allege or plead actual innocence. Thus, I conclude, and I respectfully recommend Your Honor conclude, that Petitioner's first ground is procedurally barred from this Court's review.

**B.    Petitioner's Second Ground is Without Merit**

Petitioner next argues that he did not validly waive his right to appeal.[3] Petitioner's claim is properly exhausted as he raised it before the Appellate Division and in his leave application to

---

[3] The Petition attaches and incorporates by reference Petitioner's counseled Appellate Division brief, with little elaboration. [Dkt. 1 at 7.] In that brief, Petitioner sought to invalidate his appeal waiver in order to obtain appellate review of his sentence, which he deemed excessive. [*Id.* at 28.] To the extent that the Petition can be construed to assert an excessive sentence claim here, the claim is barred because the Appellate Division declined to review it in light of Petitioner's valid waiver. *See Guaman v. Racette*, 2016 WL 901304, at *5 (S.D.N.Y. Feb. 5, 2016) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief.").

Copies of all unpublished cases available only in electronic form cited herein have been mailed to petitioner. *See Lebron v. Sanders*, 557 F.3d 76, 78 (2d Cir. 2009).

the Court of Appeals.  In denying Petitioner's claim, the Appellate Division found that

Petitioner's "waiver of the right to appeal was knowing, voluntary, and intelligent." *Melvin*, 84

N.Y.S.3d at 814 (internal citations omitted).

     The right to appeal is not a constitutional right, but rather "purely a creature of statute.'"

*Abney v. United States*, 431 U.S. 651, 656 (1977).  Accordingly, "[a] defendant may execute an

appellate waiver as a plea condition, which generally precludes both direct and collateral

review." *Vasquez v. Filion*, 210 F.Supp.2d 194, 199 (E.D.N.Y. 2002).  A waiver of the right to

appeal will be upheld "if the record clearly demonstrates that the waiver was both knowing (in

the sense that the defendant fully understood the potential consequences of his waiver) and

voluntary." *United States v. Castillo*, 303 F. App'x 989, 990 (2d Cir. 2008).

     During Petitioner's plea colloquy, the trial court specifically discussed the appeals waiver

with Petitioner and his counsel:

> THE COURT: As a result of this plea, the District Attorney is requiring that you
> waive your right to appeal both your conviction and sentence to
> the Appellate Division Second Department. I'm going to go over
> this right with you just to make sure you understand what you're
> giving up. Taking an appeal means going to a higher court and
> asking that higher Court to reconsider issues concerning your
> prosecution, your conviction or your sentence. The Appellate
> Division Second Department is a higher court than the one you're
> in today. Do you understand this right to appeal as I've just
> explained it to you?
>
> PETITIONER: Yes, sir.
>
> THE COURT: If you wanted to take an appeal but you could not afford an
> attorney because you're indigent, you would have the right to have
> an attorney assigned to assist you in bringing such an appeal. By
> waiving your right to appeal as a condition of this plea, you
> specifically are giving up your right to have both your conviction
> and your sentence reviewed by a higher court, therefore, both your

conviction and your sentence will be final; do you understand that, sir?

PETITIONER: Yes, sir.

THE COURT: Have you fully discussed with Mr. Joseph what it means to waive your right to appeal?

PETITIONER: Yes, sir.

THE COURT: And in consideration of this plea, do you now voluntarily waive your right to appeal, both your conviction and your sentence under indictment 2016-3547?

PETITIONER: Yes, sir.

THE COURT: Have you fully discussed the waiver of right to appeal form with Mr. Joseph?

PETITIONER: Yes, sir.

MR. JOSEPH: I just need him to sign it though.

THE COURT: Very good. If you agree to it and Mr. Joseph has answered all your questions, I ask you to sign the document. Are you waiving your right to appeal voluntarily?

PETITIONER: Yes, sir.

THE COURT: Have you had enough time to discuss the waiver of right to appeal form as well as the waiver of right to appeal with Mr. Joseph?

PETITIONER: Yes, sir.

THE COURT: Is this your signature on the form and you signed it after Mr. Joseph answered any questions you had, right?

PETITIONER: Yes.

THE COURT: I'm going to sign the waiver of right to appeal form too. My signature just simply reflects that based upon the record made today, it's your signature on the document. Are you waiving your right to appeal voluntarily?

12

PETITIONER: Yes, sir.

THE COURT: Has anyone threatened, coerced, forced, intimidated you, pressured you or made you any promises other than what was put on the record today to get to you waive your right to appeal?

PETITIONER: No, sir.

THE COURT: Is there anything I said up to now that you don't understand?

PETITIONER: No, sir.

[Dkt. 11-4 at 10-12.]

Petitioner now argues that the colloquy was insufficient because it could have lead him to erroneously believe that his right to appeal was "automatically extinguished upon the entry of the guilty plea." [Dkt. 1 at 25.] His contention is directly contradicted by the record, which shows that the trial court specifically explained to Petitioner that the District Attorney was "requiring" him to "waive [his] right to appeal" as a "result" of the plea, and that he was "waiving [his] right to appeal *as a condition of this plea*[.]" [Dkt. 11-4 at 11-12.] The court's explicit explanation of the appeal waiver "condition" made abundantly clear that Petitioner was being asked to voluntarily waive his right to appeal, and could not reasonably have been interpreted to mean that the appeal was "automatically extinguished" by the plea. The record also shows that Petitioner executed a waiver form that fully explained the waiving of his right to appeal, that he consulted his counsel prior to the execution of that waiver, and that counsel answered all of his questions. *Id.* Moreover, "petitioner does not point to, nor is the Court aware of, any federal precedent standing for the proposition that the trial court must employ specific language when apprising a defendant pleading guilty of the individual rights eschewed." *D'Onofrio v. Annucci*, 2018 WL 6251367, at *12 (S.D.N.Y. Oct. 23, 2018), *report and recommendation adopted* 2018 WL

13

6250660 (S.D.N.Y. Nov. 29, 2018).   There is no merit to Petitioner's claim that the court's colloquy with regard to the appeal waiver was inadequate.

Petitioner similarly argues that there was no indication in the discussion that Petitioner understood the "distinction between his waiver and other constitutional rights that were forfeited incident to the plea of guilty." [Dkt. 1 at 26.]  Once again, Petitioner's claim is belied by the record..  Early in the plea colloquy, Petitioner affirmed his understanding that, as a consequence of his guilty plea, he was waiving his constitutional rights to a trial, to remain silent, to confront and cross-examine the People's witnesses, to present witnesses, and to testify on his own behalf. [Dkt. 11-4 at 4-8.]  Although there is some overlap in the discussion of Petitioner's waiver of his right to appeal and waiver of his constitutional rights, the trial court proceeded to discuss Petitioner's waiver of his right to appeal in further detail, as noted above, thus preventing any confusion. [*See id.* at 10-12.]

Petitioner also suggests that the colloquy was insufficient because there was no on-the-record discussion with Petitioner's counsel that he had discussed this waiver and reviewed the form with Petitioner.  [Dkt. 1 at 25-26.]  This Court is aware of no federal law requiring a judge to allocute a criminal defendant's *attorney* concerning conversations with his client during a plea allocution; Petitioner has not identified any such requirement.  In any event, the record shows that the trial court explicitly asked Petitioner multiple times about the adequacy of his discussions with Mr. Joseph.  Each time Petitioner confirmed that he had spoken with Mr. Joseph about waiving his right to appeal, that he had had sufficient time to speak with Mr. Joseph, and that Mr. Joseph had answered all of his questions.  [Dkt. 11-4 at 11-12.]  This argument, too, is entirely without merit.

14

In sum, the Appellate Division's conclusion that Petitioner's waiver was knowing, voluntary, and intelligent was neither contrary to Supreme Court law, nor an unreasonable interpretation of the facts. Accordingly, I conclude, and I respectfully recommend Your Honor conclude, that Petitioner's argument that he did not validly waive his right to appeal is without merit.

## V. CONCLUSION

For the reasons set forth above, I respectfully recommend that Your Honor **DENY** the Petition for a Writ of Habeas Corpus. I recommend that no certificate of appealability be issued because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. 2253 (c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Dated: August 25 2022
      White Plains, New York

Respectfully Submitted,

Paul E. Davison, U.S.M.J.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon

the parties by mail, the parties shall have an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. *See also* Fed. R. Civ. P. 6 (d).  Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the Honorable Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to Judge Karas.  A copy of this Report and Recommendation has been mailed to:

Earl O. Melvin
16-A-5251
Eastern NY Correctional Facility
P.O. Box 338
Napanoch, NY 12458